<hr />

JEFFERSON PARROTT

v.

JOSEPH B. SWAIN.

*Entire Contracts—Action to Recover for Threshing—Evidence—Error without Prejudice.*

1. It is proper to sustain an objection to a question which calls for a conclusion from other facts.

2. This court will not reverse for an error which has worked no injury to the appellant.

[Opinion filed November 23, 1888.]

APPEAL from the Circuit Court of Morgan County; the Hon. O. P. THOMPSON, Judge, presiding.

Messrs. C. H. DUMMER and OSCAR A. DE LEUW, for appellant.

Messrs. MORRISON & WHITLOCK and GEORGE W. SMITH, for appellee.

CONGER, J. This was a suit by appellee against appellant to recover for threshing the wheat in a nine-acre wheat field of appellant.

The defense was that the contract of threshing also included another field of appellant containing about fourteen acres, and lying one and a half to two miles distant from the former.

The work was finished in the first field on Saturday afternoon from five to six o'clock, and appellee desired to move his machine to the second field and finish that also that afternoon, claiming that on Monday he was compelled to work elsewhere, and also insisting that the work could be done that evening. Appellant insisted that it was too late, and that they could not move the machine, set it up and complete the job until after dark, and that his men whom he had hired were not willing to work so late.

The evidence was conflicting as to what the contract was, as to the time the first field was finished, and also the time it would take to complete the second. Verdict and judgment for appellee for $7, being his full charges for threshing the first field.

Several of the witnesses were asked by appellant's counsel the following question: "Was there time that night to go over to the other wheat field and thresh the wheat there that night?" Objection being made, the objection was sustained and exception taken, and this is the principal error relied upon by appellant.

The most serious objection to the question is, that the answer to it would only be the witnesses' conclusion from other facts, such as the distance over which the machine would have to be moved, the time required to move it, the time the first field was finished, and the time it would require to thresh the second field.

All these separate facts (unless perhaps the last) were gone into by the witnesses, so far as the parties upon either side desired, without objection, and the ultimate conclusion to be reached from them all, whether there was or not sufficient time to thresh the second field in a reasonable and customary manner, would have to be determined by the jury.

Appellant, upon cross-examination, did give to the jury his opinion that it was too late, after finishing the first field, to complete the second that night. Nearly all the witnesses gave their opinion as to the time when the first field was finished, and the only expert witness upon the question of the time it would take to move the machine, stated that it would take from one and three quarters of an hour to two hours to do so.

We are therefore of the opinion that the jury were as fully informed upon this question as they would have been had the excluded evidence been admitted.

It is also urged that the court erred in sustaining the objections to the evidence offered by appellant as to his damages; but as the verdict of the jury can only be sustained upon the theory that appellee's version of the contract was the true one, the error, if any, would work no hardship to the appellant; for if appellee complied with his contract, and threshing the second field was not done because of the fault of appellant, as the jury have found, no question of damages to appellant from a failure to thresh the second field could arise.

The judgment of the County Court will be affirmed.

*Judgment affirmed.*